**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHI LIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 10 C 0626 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Shi Liu, was receiving Social Security disability benefits in the form of wife's benefits on the account of her disabled husband. When her husband died of cancer in July 2009, those were converted to widow's benefits. In a notice dated August 29, 2009, the Social Security Administration ("SSA") informed Ms. Liu that she would be receiving $910 a month. The notice explained what Ms. Liu could do if she disagreed with the change and wanted to appeal it. She had to do so in writing, and she would then receive a form to fill out called SSA-561-U2, "request for Reconsideration." Ms. Liu had 60 days to appeal. If she needed help, she was directed to contact a local Social Security office. A pamphlet informing Ms. Liu of her rights and responsibilities was included in the mailing. (*Plaintiff's Response*, Ex. B(A)).

That was on August 29, 2009. A couple of weeks later, on September 10, 2009, the SSA wrote to Ms. Liu again, this time informing her that she had received overpayments of SSI in the past to the tune of $22,703.20. (*Plaintiff's Response*, Ex. B(B)). The SSA

1

explained that it would be withholding $227 per month to make up the difference, leaving Ms. Liu with a monthly stipend of $683 until March 2018.[1] Ms. Liu is 78. The notice also informed her that she could ask for an appeal of the SSA's overpayment determination in writing if she thought she didn't owe any money – if she had paid it back or the SSA had waived collection – or if it wasn't her fault and paying the SSA back would "mean [she] couldn't] pay [her] bills for food clothing, housing, medical care, or other necessary expenses, or it would be unfair for some other reason." To do so, she had to fill out an SSA-632 "Request for Waiver of Recovery or Change in Repayment Form." Presumably, the same information as in the previous mailing was included; Ms. Liu only includes the first 2 pages of the 5-page notice in her exhibit. (*Plaintiff's Response*, Ex. B(B)). She makes no claim that she ever filled out, or even requested, any such form.

---

1 The law requires SSA to seek a refund from a person to whom it has mistakenly made an overpayment of disability benefits. *See* 42 U.S.C. § 404(a). When SSA has mistakenly made an overpayment of disability benefits, it may not recover an overpayment from the recipient when: (1) the recipient is without fault and (2) "recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience." 42 U.S.C. 404(b). According to the regulations governing the implementation of this statutory provision, "[a]lthough [SSA] may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the [SSA] seeks to recover the overpayment from liability for repayment if such individual is not without fault." 20 C.F.R. § 404.507. A finding of fault can be based on any of the following:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

*Id.*

Instead, Ms. Liu says she wrote to Stephen Breen, the assistant regional commissioner, and spoke, in person, with several SSA personnel. (*Plaintiff's Response*, Ex. B, Liu Aff. ¶ 6). She claims that by doing so, she was attempting to appeal (*Plaintiff's Response*, Ex. B, Liu Aff. ¶ 6), but she does not include a copy of those letters with the other exhibits attached to her response to the Commissioner's motion. Also, she does not described the conversations she had with SSA personnel; she merely says she had some. Although she does not provide any details, she claims she was given conflicting information regarding the status of her benefits (*Plaintiff's Response*, Ex. B, Liu Aff. ¶ 6). She does not claim, however, that she ever filled out a "Request for Waiver" Form. On January 29, 2010, Ms. Liu filed suit against the Commissioner – using an employment discrimination form – complaining that her monthly payment had been reduced to $683. (Dkt. #1).

SSA apparently treated her missives and conversations as a request for a waiver, because, on March 25, 2010, Ms. Liu received an SSA notice telling her that her request for waiver of repayment was denied, but that the amount deducted from her monthly stipend would be reduced significantly to $20. (*Plaintiff's Response*, Ex. B(C)). After that, Ms. Liu says she received $890 payments for several months, but then began receiving $683 per month again. (*Plaintiff's Response*, Ex. B, Liu Aff. ¶ 8). Yet, at the same time, she also claims that "[a]fter receiving the [March 25, 2010] letter . . . [she] received benefit checks of $890, $910, and $683 in three consecutive months. (*Plaintiff's Response*, Ex. B, Liu Aff. ¶ 8). So, she is unclear as to whether she got $890 for several months or for a single month.

On April 15, 2010, after taking a look at the complaint Ms. Liu had wedged into an employment discrimination form, Judge Coar offered her some advice and directed her to the district court's Self-Help Assistance Program for aid in drafting an appropriate complaint

3

that specified a cause of action. (Dkt. #7). Ms. Liu continued her communications with SSA, writing to ask that the reduction go back to $20 per month as the March 25, 2010 notice had promised. (*Plaintiff's Response*, Ex. B, Liu Aff. ¶ 9). Again, she provides no copies of these letters.

The SSA sent her another notice denying that request on November 9, 2010. (*Plaintiff's Response*, Ex. B(D)). The SSA gave her the following rationale for its decision:

> YOU DID NOT REPORT WHEN YOU GOT MARRIED SO THAT SOCIAL SECURITY COULD ADJUST YOUR SSI PAYMENTS BY CONSIDERING YOUR SPOUSE'S INCOME.
>
> YOU ALLEGED LIVING EXPENSES THAT EXCEED YOUR INCOME BUT NO EXPLANATION WAS PROVIDED AS TO HOW YOU PAY THOSE EXPENSES EACH MONTH.
>
> YOU DID NOT PROVIDE EVIDENCE OF WHAT YOUR EXPENSES ARE SUCH AS COPIES OF YOUR BILLS OR STATEMENTS SHOWING WHAT YOU OWE.
>
> YOU REQUESTED THAT ONLY $20.00 BE WITHHELD PER MONTH BUT THAT AMOUNT IS TOO LOW IN RELATION TO THE SIZE OF THE OVERPAYMENT.

(*Plaintiff's Response*, Ex. B(D)).

The notice went on to inform Ms. Liu of her appeal rights:

> If you disagree with this decision, you have the right to appeal. A person who has not seen your case before will look at it. That person will be an administrative law judge. The administrative law judge will review your case and look at any new facts you have before deciding your case. We call this a hearing.
> • You have 60 days to ask for a hearing.
> • The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.
> • You will have to have a good reason for waiting more than 60 days to ask for a
> hearing.

> You have to ask for a hearing in writing. We will ask you to sign an SSA form HA-501, called "Request for Hearing." Contact one of our offices if you want help.

(*Plaintiff's Response*, Ex. B(D)). The notice also told her she could have a friend or representative help her with her appeal, and gave her a toll free number to call for information. (*Plaintiff's* Response, Ex. B(D)). Ms. Liu did not appeal this notice; she did not request a hearing. (*Plaintiff's Response*, at 2, Ex. B, Liu Aff.).

Meanwhile, as Ms. Liu had done nothing regarding her federal lawsuit since April, Judge Coar dismissed her complaint for failure to state a claim on November 17, 2010. (Dkt. #8-9). The dismissal was without prejudice to Ms. Liu filing an amended complaint within 30 days. She did so on December 16, 2010. (Dkt. # 12).

In her amended *pro se* complaint, Ms. Liu bases jurisdiction on 42 U.S.C. §1383(c)(3).[2] (*Amended Complaint* [Dkt. #12], ¶ 1). She noted that she had been receiving retirement SSI and was informed there had been an overpayment. (*Amended Complaint* [Dkt. #12], ¶ 3). Thereafter, her monthly benefit was reduced from $910 to $683. (*Amended Complaint* [Dkt. #12], ¶ 4). She claimed she appealed that determination, asking SSA to omit or reduce the deduction, but was denied. (*Amended Complaint* [Dkt. #12], ¶ 5). She then referenced the March 25, 2010 letter from SSA indicating the deduction would be reduced to $20 a month, and states that this promised adjustment was never made; the monthly payments continued to be reduced by $227. (*Amended Complaint* [Dkt. #12], ¶ 6).

---

2 Section 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

5

Ms. Liu alleges that she "appealed this as well. . . [and] has exhausted all her administrative remedies." (*Amended Complaint* [Dkt. #12], ¶7). She asks that the "court order the [Commissioner] to only withdraw $20 a month from her benefits or, in the alternative, some other amount that be deemed reasonable." (*Amended Complaint*, ¶ 7).

This case is a mess from both ends. First, the SSA reduces Ms. Liu's benefits by 25%. Then, after Ms. Liu challenged the reduction – officially or unofficially – it relented and decided on a $20 reduction. But the checks that followed were all over the place – $910, $890, $693. Ms. Liu again complained, but SSA sent her a notice explaining that she should have let them know that she had gotten married so that her benefits could be adjusted properly. She hadn't done that, and she hadn't given them any evidence to demonstrate why she needed the reduction to be just $20 when she owed about $23,000. The SSA went back and forth on Ms. Liu's benefit amount, seemingly with out rhyme or reason, which is probably to be expected from one of the most massive bureaucracies in our government. At the same time, Ms. Liu didn't help herself. She refused to use the channels the notices told her to. She filed suit before the SSA could even act on her informal requests for a waiver. And, through it all, she never used the proper forms – or any forms – and never asked for a hearing.

The Commissioner has moved to dismiss Ms. Liu's complaint arguing that she has failed to exhaust her administrative remedies. Specifically, the Commissioner submits that there is no record of Ms. Liu ever requesting a hearing. (*Memorandum in Support of Commissioner's Motion*, at 1-2, Ex. 1, Decl. Of Donald Ortiz). As such, there is no final decision to review, and this court has no jurisdiction over Ms. Liu's claim. Ms. Liu, now represented by counsel, argues that her complaint alleges that she appealed the September

6

10, 2009 decision to reduce her monthly benefit by $227. Ms. Liu doesn't claim she ever requested a hearing or followed any of the procedures prescribed in the notices she received. She instead maintains that all of her communications with the SSA were her attempts to appeal her liability for overpayment or the amount of the reduction of her benefits. (*Plaintiff's Response*, at 2).[3] She further contends that, if her appeals did not result in a "final decision":

> it was due to her lack of meaningful access to the appeals process. Ms. Liu was provided with inconsistent and contradictory communications regarding the amount of her benefits, and the amount of those benefits fluctuated. Further, Ms. Liu attempted to challenge the communications indicating her benefits would be reduced by no more than $20. She was not informed of the need to follow specific procedures to appeal the decision.

(*Plaintiff's Response*, at 5).

**ANALYSIS**

The Social Security Act provides the avenue for review of SSA decisions: "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976); *Doctors Nursing & Rehabilitation Center v. Sebelius*, 613 F.3d 672, 676 (7th Cir. 2010). Congress didn't define "final decision," leaving it to the SSA to flesh out the term through regulations. *Sims*, 530 U.S. 103; *Weinberger v. Salfi,* 422 U.S. 749, 766, (1975). There are two components to the "final decision" requirement. The first is obvious: a claim for benefits must have been filed.

---

3 More likely, Ms. Liu means to argue that she complained when what was promised in that communication did not come to fruition. But jurisdiction is determined at the time she filed suit. She did that two months before she even received the March 2010 notice.

7

*Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986); *Mathews,* 424 U.S. at 328. The second is the requirement that the administrative remedies prescribed by the Commissioner be exhausted. *Bowen*, 476 U.S. at 483; *Mathews,* 424 U.S. at 328. The Commissioner may waive this latter requirement; the former is nonwaivable. *Bowen*, 476 U.S. at 483; *Mathews,* 424 U.S. at 328. The Supreme Court has said that only the nonwaivable component is "purely jurisdictional," *Bowen*, 476 U.S. at 483; *Mathews,* 424 U.S. at 328, but has called the exhaustion of remedies component a "jurisdictional requirement" as well. *Heckler v. Day*, 467 U.S. 104, 111 n.14 (1984). The Seventh Circuit treats exhaustion of remedies as a question of federal subject matter jurisdiction. *Martin v. Shalala*, 63 F.3d 497, 498 (7th Cir. 1995).

Congress also left it to the SSA to fashion the administrative remedy process. *See Bowen,* 482 U.S. at 142. If a claimant is denied at the initial level, she may seek reconsideration. 20 C.F.R. §§404.907; 416.1407. If she is still unsuccessful, she can request a hearing before an administrative law judge ("ALJ"). 42 U.S.C. §§ 405(b)(1) & 1383(c)(1); 20 CFR §§ 404.929; 416.1429; 422.201 *et seq.* (1986). Finally, the claimant may seek review of the ALJ's determination before the Appeals Council. 20 CFR §§404.967; 416.1467. Only then can a dissatisfied claimant seek review of the determination in federal district court. 42 U.S.C. § 405(g). *See Bowen,* 476 U.S. at 472; *Johnson v. Sullivan*, 922 F.2d 346, 348 (7th Cir. 1990).

Subject matter jurisdiction is determined at the time the lawsuit is filed. *Mendez v. Perla Dental*, 646 F.3d 420, 422 (7th Cir. 2011). Ms. Liu neglects to mention in her affidavit and brief that she filed suit on January 29, 2010, not in November of 2010. (*Plaintiff's Response*, at Liu Aff. ¶ 9) ("Subject matter jurisdiction is determined as of the filing of a

complaint . . . ."). She merely amended her complaint in November 2010. At the time she filed suit, she had received the notice telling her that her monthly check was going to be reduced from $910 to $683. She had written two letters to the assistant regional commissioner and had spoken to some SSA personnel to complain or, as she characterizes it, "appeal." There is no indication from Ms. Liu what she said in the letters or what she said to the personnel. She says she got conflicting information, but doesn't say what that information was. The only thing we know for sure is that she didn't follow the procedures for requesting a waiver or appealing that were explained to her in the notice.

A letter-writing campaign doesn't qualify as the exhaustion of administrative remedies. *Martin v. Shalala*, 63 F.3d 497, 504 (7th Cir. 1995)(citing *Michigan Ass'n of Indep. Clinical Labs. v. Shalala,* 52 F.3d 1340, 1350 (6th Cir. 1994)); *Cf., Swanson v. Hearst Corp. Long Term Disability Plan,* 586 F.3d 1016, 1018 (5th Cir.2009)(in ERISA context, letter insufficient to constitute an appeal or exhaustion of adminsitrative remedies)
That's especially the case when there's no telling what the letters said. Basically, Ms. Liu made some inquiries and got some answers that perhaps confused her. But, instead of requesting a waiver through the appropriate procedures – procedures that were clearly spelled out in the notice – she filed a federal suit without even waiting for an official SSA response. She didn't exhaust, or even pursue, her administrative remedies. There's no administrative record in this case and no decision by an administrative law judge. Consequently, there's nothing to review. *Martin*, 63 F.3d at 504.

Moreover, Ms. Liu received the reduction notice in September of 2009. If she thought that it was a final decision that she could file suit over – it wasn't, of course – she waited too long. The statute of limitations for filing a federal suit to challenge a final

9

decision from SSA is 60 days. 42 U.S.C. §405(g); *Bowen*, 476 U.S. at 478. Ms. Liu waited about four months to file her lawsuit.

As noted above, Ms. Liu contends that she was denied meaningful access to the appeals process because she was given inconsistent and contradictory communications regarding the amount of her benefits, and the amount of those benefits fluctuated. She claims was not informed of the need to follow specific procedures to appeal the decision. (*Plaintiff's Response*, at 5). Basically, she claims the bureaucratic morass, including the confusing amounts of payments in the wake of the letter indicating her monthly benefits would only be reduced by $20, deprived her of a "full and fair hearing."

A party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Lepper v. Barnhart*, 25 Fed.Appx. 433, 436, 2001 WL 1563920, *2 (7th Cir. 2001). Here, Ms. Liu charges the SSA with violating her right to due process.

Due process requires that a Social Security claimant be offered a "full and fair" hearing. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)("The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."); *Davenport v. Astrue*, 417 Fed.Appx. 544, 546-547, 2011 WL 1196274, *3 (7th Cir. 2011). This standard is violated if a claimant is not offered a chance to present evidence or where the ALJ exhibits bias or animus against the claimant during a hearing. *Id.* Here, it cannot be denied that Ms. Liu was mired in the bureaucratic swamp for a while. She may have been given conflicting stories about the amount of benefits she was entitled to and, for a time, even conflicting checks. But she doesn't claim that she was prevented from requesting a waiver or an appeal, or that she was somehow misled into failing to follow the

instructions for appeal that were provided her in the notices she received. *See Gressley v. Califano*, 609 F.2d 1265, 1267 (7th Cir. 1979)("Where a party claims entitlement to benefits under federal statutes and lawfully promulgated regulations, that party must satisfy the requirements imposed by Congress. Even detrimental reliance on misinformation obtained from a seemingly authorized government agent will not excuse a failure to qualify for the benefits under the relevant statutes and regulations."). She does claim that she was not informed of the need to follow specific procedures to appeal the decision, but those procedures were set out in the notices she received. Even the truncated versions she attaches adequately informed her of procedures which she didn't follow.

Ms. Liu also seems to suggest that she suggests that her due process rights were violated because she was denied access to her file. Relying on *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996), she submits that [a] claimant is denied meaningful access to review procedures when she is not afforded a 'full and fair review' of the adverse decision by, for example, failing to provide her with access to evidence relied on to deny her claim." (*Plaintiff's Response*, at 4). It is unclear if this is an actual argument – something that actually happened – or if Ms. Liu is simply giving an example that doesn't necessarily apply in her case. In any event, *Wilczynski* was an ERISA case dealing with an ERISA regulation that specifically requires that ERISA claimants be allowed to review documents pertinent to their claim. 93 F.3d at 402 (citing 29 C.F.R. §2560.503-1(g)). The regulation is inapplicable here, and even if it were, it would not help Ms. Liu. The regulation states that an employee benefit plan must provide access to pertinent documents "upon request." 29 C.F.R. §2560.503-1(h)(2)(iii). Nowhere in her affidavit does she say she requested any documents. What she says in her brief – and, again, it's unclear what she's

11

saying, if anything – is not evidence. *Woolard v. Woolard,* 547 F.3d 755, 760 (7th Cir. 2008); *United States v. Stevens,* 500 F.3d 625, 628–29 (7th Cir.2007).

Had Ms. Liu waited instead of filing suit in January 2010 – she had missed the statute of limitation cut-off anyway – she would have seen that her complaints and communications did not fall on deaf ears. There may have been subsequent confusion over the amount of her monthly stipend but, in the end, on November 9, 2010, she received a letter that makes it apparent that all her concerns were considered, and that if she disagreed, she could request just the kind of hearing due process requires. That letter clearly indicated that the SSA had reviewed her case, and determined she was liable for repayment of the overpayment because she had failed to report she had gotten married so that SSA could adjust her monthly SSI payment in view of her husband's income. That letter also clearly indicated that SSA had considered her claims – whether by phone, in person, or by letter – regarding her living expenses, but she had not provided any evidence or explanation in support of her claims. And, importantly, that letter clearly indicated what she had to do to go to the next level – request a hearing before an ALJ – and how to do it.[4]

As it happened, Ms. Liu didn't follow the instructions in the November 9, 2010 notice and request a hearing either. She didn't contact SSA again. She asserts that the next thing she did was file a lawsuit. (*Plaintiff's Response*, at 2; Liu Aff. ¶ 9). That's wrong, of course, as she filed her complaint eleven months earlier, on January 29, 2010, (albeit a complaint from which Judge Coar could not divine a cause of action). So even if exhaustion

---

4 To be sure, the March 25, 2010 letter telling her the reduction would only be $20 a month would have been confusing given the amount of the checks that allegedly followed, but in the end SSA explained its decision to take a larger reduction. Ms. Liu does not advance any type of estoppel argument based on the March 2010 notice.

and subject matter jurisdiction were judged when she amended her complain, the answer would be the same: she failed to exhaust her administrative remedies and there was no "final decision" after a hearing. Accordingly, Ms. Liu's complaint must be dismissed for lack of subject matter jurisdiction.[5]

**CONCLUSION**

The Commissioner's motion to dismiss plaintiff's complaint [# 30] is GRANTED.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 2/21/12

---

5 It should be noted that such a dismissal is without prejudice. *See Arrow Gear Co. v. Downers Grove Sanitary Dist*., 629 F.3d 633, 637 (7th Cir. 2010)(". . . dismissal for want of subject-matter jurisdiction . . . is without prejudice . . . ."); *Murray v. Conseco, Inc*., 467 F.3d 602, 605 (7th Cir. 2006)("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.").